IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA,

vs.
              4:89cr4004-WS
              4:06cv5-WS/WCS

CHARLES HUDSON,

 Defendant.
_____/


**REPORT AND RECOMMENDATION ON MOTION FOR RELIEF FROM JUDGMENT**

This cause is before the court on Defendant Hudson's "Motion for Relief from Judgment or Order Pursuant to Federal Rule Civil Procedure 60(b)(1)(6) 'Mistake' Gonzalez v. Crosby, __ US __, No. 04-6432, June 23, 2005, and Incorporated Memorandum of Law."  Doc. 856.  See Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).  Defendant then filed a "Timely Notice of Preservation of Blakely/Booker Claim."  Doc. 858.  See United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Defendant previously filed a 28 U.S.C. § 2255 motion, which was denied with prejudice and a certificate of appealability denied.  Docs. 618, 627, 634, and 651.  Defendant was granted authorization by the Eleventh Circuit to file a second or successive § 2255 motion, and this court denied the motion as untimely.  Docs. 818 and 821.  A certificate of appealability was denied.  Doc. 825.[1]

As Defendant has already been denied § 2255 relief, he must obtain authorization from the Eleventh Circuit before filing a second (in this case, third) or successive § 2255 motion.  § 2255 (referencing § 2244); § 2255 Rule 9 (amended effective December 1, 2004) ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").

Defendant quotes Gonzalez as holding that a Rule 60(b) motion is not considered a second or successive 28 U.S.C. § 2254 habeas corpus petition if it does not assert or reassert error in the conviction.  Doc. 856, pp. 2-3.  He contends "that in recognition" of Apprendi, Blakely, and Booker, "that Rule 60(b) is the proper means to permit the trial court to reconsider a petitioner's original mandatory guideline sentence under the United States Sentencing Guidelines System."  *Id.*, p. 4.  He claims that the Booker opinion modified the guidelines as of November 1, 1987.  *Id.*  Defendant claims,

---

[1] The order denied Defendant's motion to recall or reconsider mandate or grant a certificate of appealability and leave to amend to raise a claim under Blakely.  Docs. 824 (motion) and 825 (order).  Blakely was unrelated to the authorized second or successive motion, which was based on newly discovered evidence: *i.e.*, the state court's dismissal of charges used to enhance Defendant's federal sentence.  Doc. 818, p. 1.

accordingly, that at the time of sentencing this court misunderstood the law to be that the guidelines were mandatory rather than advisory. *Id.*, p. 6.

Defendant elaborates on the application to his case of Rule 60, Gonzalez, and the Apprendi line of cases at pp. 6-14. He concludes:

> that this Honorable Court made **"mistakes"** in constitutional dimensions in petitioner's case that should and can be corrected pursuant to this Rule 60(b)(1)(6) motion and respectfully ask the court to correct this unjust and unconstitutional sentence.

*Id.*, p. 14.

It is clear that Defendant seeks Rule 60 relief not from the prior § 2255 judgment, but from the judgment of conviction and sentence. "Rule 60(b) simply does not provide for relief from judgment in a criminal case." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (quoting Mosavi).

To the extent this Rule 60(b) motion could be construed as seeking relief from a judgment denying § 2255 relief, it should still be summarily dismissed. In this context, a Rule 60(b) motion containing one or more "claims" for relief from the judgment of conviction – whether a purported change in substantive law, a new ground for relief, or challenging the prior resolution on the merits – is in substance a successive motion and should be treated accordingly. Gonzalez, 125 S.Ct. at 2647-48 (2005) (in the context of a Rule 60(b) motion seeking relief from prior denial of § 2254 petition) (citations omitted). Defendant has not obtained authorization from the court of appeals for filing his motion, and it is noted that authorization for filing a successive motion raising Booker has been denied in this circuit. In re Anderson, 396 F.3d 1336, at 1339 (11th

Cir. 2005) (denying leave to file successive motion as the Supreme Court has not made Booker or Blakely retroactive on collateral review)[2]. *See also* Varela v. United States, 400 F.3d 864, 867 (11th Cir.), *cert. denied*, __ U.S. __, 126 S.Ct. 312 (2005) (Blakely and Booker do not apply retroactively on collateral review even when raised in an initial § 2255 motion).

In his notice of preservation, Defendant gives notice of his intent to timely preserve his right to relief if and when the Supreme Court declares Booker and other cases retroactive on collateral review. Doc. 858. Defendant references Dodd v. United States, 545 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Id.*, p. 2; doc. 856, p. 14. The Court in Dodd addressed the language of § 2255 ¶ 6(3), commencing the one year limitations period for filing a § 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255, ¶ 6(3). 125 S.Ct. at 2481 (quoting the statute).[3] The Court explained that "Paragraph 6(3) identifies *one date and one date only* as the date from which the one 1-year limitation period runs: 'the date on which the right asserted was initially recognized by the Supreme Court.'" *Id.*, at 2482 (emphasis in original). The second clause of ¶

---

[2] Discussed in these cases and ahead is retroactive application on *collateral* review, and § 2255 review is collateral review. In contrast, the Court in Booker declared: "we must apply today's holdings – both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on *direct* review." 125 S.Ct. at 769 (citations omitted, emphasis added).

[3] Section 2255 recognizes a number of commencement dates for the one year period. "In most cases, the operative date from which the limitation period is measured will be the one identified in ¶ 6(1): 'the date on which the judgment of conviction becomes final.'" 125 S.Ct. at 2481 (quoting § 2255, other citation omitted).

Case Nos. 4:89cr4004-WS and 4:06cv5-WS/WCS

6(3) limits application to rights "newly recognized" and "made retroactively applicable on collateral review." *Id.*

> That means that ¶ 6(3)'s date – "the date on which the right asserted was initially recognized by the Supreme Court" – does not apply at all if the conditions in the second clause – the right "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" – have not been satisfied. As long as the conditions in the second clause are satisfied so that ¶ 6(3) applies in the first place, that clause has no impact whatsoever on the date from which the 1-year limitation period in ¶ 6(3) begins to run. Thus, if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion. *He may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met.*

*Id.* (emphasis added).

The Court recognized that "because of the interplay between ¶ ¶ 8(2)[4] and 6(3), an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year." *Id.*, at 2483.

Defendant Hudson is not entitled to take advantage of the first clause of ¶ 6(3) as the conditions in the second clause have not been met. One year has passed since Booker was decided on January 12, 2005, so it can be stated with certainty that this is not "the rare case" in which a rule was both announced and made retroactive by the Supreme Court within one year. To the extent Defendant's notice is construed as a

---

[4] Under that portion of § 2255, a second or successive motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," may be authorized by the court of appeals.

Case Nos. 4:89cr4004-WS and 4:06cv5-WS/WCS

motion to preserve the issue so that Defendant will not be subject to the one year limitations period of § 2255 in the future, it should be denied.

It is therefore respectfully **RECOMMENDED** that Defendant Hudson's motion for relief from judgment (doc. 856) be **SUMMARILY DISMISSED** as an unauthorized second or successive § 2255 motion.  It is further **RECOMMENDED** that Defendant's notice for preservation of claim (doc. 858) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 8, 2006.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case Nos. 4:89cr4004-WS and 4:06cv5-WS/WCS