**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

vs.                                                                        4:89cr4004-WS

**CHARLES HUDSON,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION ON LETTER FOR RELIEF

This cause was referred to the undersigned for review of Defendant's letter to the district judge. Doc. 887. Defendant asks for a second chance, claiming he is now fit to contribute to his family and society. He claims that there have been changes to the law under which he was convicted and sentenced, and stresses he was only sixteen years old when his offense was committed.

Defendant was denied relief under 28 U.S.C. § 2255. Docs. 618 (report and recommendation), 627 (order), 634, and 651 (orders denying a certificate of appealability).[1] Authorization is required before filing a second or successive § 2255 motion. § 2255 (referencing § 2244); § 2255 Rule 9 ("[b]efore presenting a second or

---

[1] The court rejected, *inter alia*, the argument that Defendant withdrew from the conspiracy before he turned 18. Doc. 618, pp. 4-9; doc. 627, p. 2.

successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").[2]

Defendant recognizes there are limited avenues of relief at this time, but believes relief may be granted under Fed.R.Crim.P. 12(b) or 18 U.S.C. § 1651(a), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Rule 12(b) governs pretrial motions, and § 1651 of Title 18 is titled "[p]iracy under law of nations." Blakely is a case rather than an avenue of relief. Moreover, Defendant's previous attempts to obtain relief under the Blakely line of cases (docs. 824, 856, 858) have been rejected. Docs. 825, 862 and 865.

Presumably Defendant meant to reference the All Writs Act, at 28 (rather than 18) U.S.C. § 1651. The All Writs Act does not apply because Defendant is in custody. Carlisle v. United States, 517 U.S. 416, 428, 116 S.Ct. 1460, 1467-68, 134 L.Ed.2d 613 (1996) (where there is a remedy by statute it is that remedy rather than the All Writs Act which is controlling) (citations omitted). *See also*, United States v. Holt, 417 F.3d 1172, 1174-75 (11th Cir. 2005) (ancient writ of *audita querela* under the All Writs Act was not available to defendant who was still in custody and attempting to obtain relief under Blakely; proper avenue for relief was § 2255 but authorization for filing successive §

---

[2] Defendant was previously granted authorization to file a second or successive § 2255 motion based on newly discovered evidence (the state court's dismissal of charges used to enhance this sentence), but the successive motion was denied as untimely, and a certificate of appealability was denied. Docs. 818 (report and recommendation), 821 (order), and 822 (judgment entered on August 4, 2004). The court also denied Defendant's motion to recall mandate or grant a certificate of appealability or amend to raise a claim under Blakely. Doc. 825 (order).

Case No. 4:89cr4004-WS

2255 had not been granted, so district court correctly denied petition); United States v. Esogbue, 357 F.3d 532, 533-535 (5th Cir. 2004) (relief under All Writs Act is available when there is no remedy at law; as the remedy of a successive § 2255 was not available to petitioner because he was no longer in custody, the district court had jurisdiction to consider coram nobis petition).[3]

It is therefore respectfully **RECOMMENDED** that Defendant Hudson's letter seeking relief, doc. 887, be summarily **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 1, 2007.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[3] The case was therefore remanded, but it was noted that on remand petitioner would have to show "sound reasons" for failing to seek authorization to file a second or successive § 2255 motion while he was still in custody. 357 F.3d at 535 (citations omitted). "An assertion that he would have been unable to satisfy the stringent standards for filing a successive § 2255 motion while he was in custody is not a 'sound reason.'" Id. (citations omitted).

Case No. 4:89cr4004-WS